## MITCHELL ALLEN v. THE STATE OF INDIANA.

*Admissions of Accused Persons.*—Admissions against interest are admissible, even when they do not form a part of the *res gestæ*. Nor is it necessary that they should be uttered in the presence of the person on whom an injury was inflicted by the offense charged.

Filed June 22, 1881.
Appeal from Parke Circuit Court.

Opinion of the court by Mr. Justice Elliott.

Appellants were charged with an assault and battery upon one Andrew J. Lykens, were tried by a jury and convicted of the offense charged.

It is assigned as error that the circuit court erred in overruling the appellant's motion to quash the information. There was no such motion made, and consequently there is no foundation upon which to assign any such error as that under mention.

There are numerous errors assigned, but all except that above noticed are included in the assignment based upon the ruling denying a new trial. Where rulings constitute proper grounds for a new trial they cannot be assigned on appeal as independent errors. If presented to the trial court by the proper motion, they are covered by an assignment on that motion; if not so presented they cannot be made available in this court in any manner.

It is insisted by the State that we cannot consider any question arising upon the ruling denying a new trial for the reason that there is no proper bill of exceptions in the record. We think that the evidence is properly in the record. The recital is that "this was all the testimony and evidence given on the trial," and we cannot perceive any thing in the record, although it is somewhat confused, which contradicts this recital.

It is claimed by appellants that the court erred in permitting the State to prove declarations made by them after the injured party had left the place where the offense was committed. Appellants are in error. These declarations were admissions, and as such, competent, whether made at the time of the altercation or not. It was entirely immaterial whether the injured person was, or was not, present when the admissions were made. The counsel are altogether mistaken in supposing that declarations against interest are admissible only in cases where they form part of the *res gestæ.* Of course the accused may not prove his own statements made after the offense has been committed, but the State may.

Appellants complain of the admission of other testimony, but no objections were stated and no exceptions reserved, and no question is, therefore, presented upon the rulings admitting such testimony.

We need only say of the argument of counsel in support of their

contention that the verdict is not sustained by the evidence, that the case for the State was in our opinion fully made out by the strongest and most convincing evidence.

Judgment affirmed at costs of appellants.

Roach & Procter, for appellant.

Attorney General, for appellee.